Ridley M. WHITAKER, Plaintiff–
Appellant,

v.

AMERICAN TELECASTING, INC. and
Rosenthal, Judell & Uchima,
Defendants–Appellees,

and

Fresno Telsat, Inc., James A. Simon and
Jas Partners, Ltd., and John Does Nos.
1–10 (which are individuals and enti-
ties whose identities are unknown),
Defendants.

Docket Nos. 99–9275(L), 00–7313(CON).

United States Court of Appeals,
Second Circuit.

Argued Dec. 14, 2000.

Decided July 25, 2001.

Ridley M. Whitaker, New York City, Pro Se.

Michael S. Sommer and Lisa V. Moran, New York City (McDermott, Will & Emery), for Defendant–Appellee American Telecasting, Inc.

Before: FEINBERG and PARKER, Circuit Judges, and COVELLO,[1] District Judge.

COVELLO, District Judge:

Plaintiff-appellant Ridley M. Whitaker appeals from two orders rendered in the United States District Court for the Southern District of New York, Scheindlin, *J.*, denying the plaintiff's motion to remand and dismissing the amended complaint.

In the first order appealed, the district court denied the motion to remand on grounds that removal was timely under 28 U.S.C. § 1446(b), with jurisdiction in federal court proper under 28 U.S.C. § 1332(a). *See Whitaker v. Fresno Telsat, Inc.*, No. 99 Civ. 6059, 1999 WL 767432 (S.D.N.Y. Sept.28, 1999). In concluding that removal was timely, the district court held that, in the wake of *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), the relevant event for triggering the thirty day removal clock under section 1446(b) is the defendant's receipt of the complaint, which, in this case, had been received within thirty days prior to removal. *Whitaker*, 1999 WL 767432, at *1–*2. The principal question we must answer is whether the Supreme Court's decision in *Murphy Brothers* requires a defendant's receipt of the complaint for triggering the removal period. We conclude that it does not, and that the district court erred in so holding. The history and text of section 1446(b) clearly make the defendant's receipt of "the initial pleading" the relevant triggering event, which is any pleading (and not necessarily the complaint) containing sufficient information to enable the defendant to intelligently ascertain the basis for removal. Because only the complaint in this case provided such information, we find no error with the district court's ultimate conclusion that the notice of removal was timely filed. Further, we find no error with the district court's conclusion that jurisdiction was proper in federal court under 28 U.S.C. § 1332(a) and accordingly, we affirm the order denying the motion to remand.

In the second order appealed, the district court dismissed the action pursuant to

---

1. Honorable Alfred V. Covello, Chief Judge, United States District Court for the District of Connecticut, sitting by designation.

Fed.R.Civ.P. 12(b)(2) for want of personal jurisdiction. *See Whitaker v. Fresno Telsat, Inc.,* 87 F.Supp.2d 227 (S.D.N.Y.1999). We find no error. Accordingly, we affirm the judgment of the district court in connection with both orders.

## BACKGROUND

In November 1993, Fresno Telsat, Inc. (FTI) and FTI's principal shareholder, James A. Simon, retained the plaintiff-appellant, Attorney Ridley M. Whitaker (Whitaker) to represent FTI in a California state court action for breach of fiduciary duty against FTI's partner and appellee herein, American Telecasting, Inc. (ATI). FTI and ATI were partners in a California general partnership known as Fresno MMDS Associates. In June of 1996, Whitaker hired the New York law firm of Rosenthal, Judell & Uchima (RJU) to assist him with the case.

In February and March of 1998, the parties proceeded to trial in California state court and, prior to judgment, FTI retained Attorney Martin Fletcher (Fletcher) to negotiate a possible settlement with ATI. Fletcher subsequently settled the matter on behalf of FTI with an agreement that characterized the settlement as a sale of substantially all of FTI's interest in the partnership to ATI. Whitaker objected to the agreement, claiming that the deal unfairly deprived him of legal fees in breach of his agreement with FTI. The objection, however, fell on deaf ears. Consequently, Whitaker asserted a statutory charging lien under N.Y. Judiciary Law § 475 [2] against both his client, FTI, and the settling defendant, ATI.

On December 30, 1998, Whitaker, a New York resident, commenced this action by filing a summons with notice, but no complaint, in the Supreme Court of the State of New York, New York County, seeking to enforce the charging lien and for a declaratory judgment regarding his rights and the rights of RJU to share in the claimed legal fees. Whitaker named as defendants FTI and James A. Simon (both Indiana residents), JAS Partners, Ltd. (a Colorado business entity), ATI (a Delaware corporation located in Colorado), and certain John Does Nos. 1–10 (identities and residence unknown). Whitaker also named as a defendant his fellow New Yorker, RJU, but did not assert any claims against it.

On April 29, 1999, Whitaker served the defendants by mail with copies of the summons with notice. On May 25, 1999, FTI served Whitaker with a demand for service of the complaint. On June 17, 1999, ATI served Whitaker with a demand for service of the complaint and, on July 2, 1999, Whitaker responded by serving FTI with the complaint. On July 6, 1999, Whitaker served ATI with the complaint and, on July 15, 1999, Whitaker served ATI with an amended summons and complaint (the amended complaint).

On July 29, 1999, twenty-seven days after Whitaker served FTI with the complaint, FTI, James A. Simon and JAS Partners, Ltd., (the FTI defendants) removed the action from New York State Supreme Court to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(a), with jurisdiction in federal court based upon diversity of citizenship. *See* 28 U.S.C. § 1332(a). On August 3, 1999, ATI

---

**2.** N.Y. Judiciary Law § 475 (McKinney's 2001) provides, in relevant part:

From the commencement of an action ... the attorney who appears for a party has a lien upon his client's cause of action ... and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination.

filed a consent to the notice of removal upon Whitaker's request.

### A. *The Motion To Remand*

On September 16, 1999, Whitaker moved to remand the case back to state court, arguing that the removal was untimely because the defendants failed to file their notice of removal within thirty days of receiving the initial pleading under 28 U.S.C. § 1446(b), with the initial pleading being, allegedly, the summons with notice. Further, Whitaker maintained that, because both he and RJU were New York residents, jurisdiction in federal court was improper under 28 U.S.C. § 1332(a) on account of incomplete diversity.

On September 28, 1999, the district court denied the motion to remand, concluding that in accordance with *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), the initial pleading under § 1446(b) is the complaint which, in this case, had been served within the statutory period of thirty days prior to the date of removal. *Whitaker*, 1999 WL 767432, at *1–*2. Further, the district court observed in a footnote that, even under pre-*Murphy Brothers* case law, the summons with notice failed as the initial pleading because removability could not be ascertained from the face of that document. *Whitaker*, 1999 WL 767432, at *2 n. 5. Finally, the district court concluded that, because Whitaker had not asserted any claims against RJU, Whitaker had fraudulently joined RJU in an attempt to defeat federal diversity jurisdiction. *Id.* at *3. Consequently, the court dismissed the action against RJU under Fed.R.Civ.P. 21 and, with the dismissal of the only non-diverse party, concluded that federal jurisdiction was proper under 28 U.S.C. § 1332(a). *Id.* On October 27, 1999, Whitaker filed a notice of appeal.

### B. *The Motion To Dismiss*

On August 3, 1999, ATI, as a Delaware corporation located in Colorado, moved pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss the amended complaint for want of personal jurisdiction. As the record disclosed, ATI is not incorporated, licensed or qualified to do business in New York. It has no offices, agents, employees, property, bank accounts or telephone listing in New York, and has not appointed an agent for service of process in New York. ATI neither sells any products in New York nor does it otherwise transact any business in New York.

On December 14, 1999, the district court granted ATI's motion, concluding that Whitaker failed to demonstrate any factual predicate authorizing jurisdiction over ATI under the New York long arm statute, N.Y.C.P.L.R. § 302(a), and that, in any event, compelling ATI to litigate in New York would offend the due process clause of the Fourteenth Amendment to the United States Constitution. *Whitaker v. Fresno Telsat, Inc.*, 87 F.Supp.2d 227, 233 (S.D.N.Y.1999). On January 5, 2000, Whitaker moved for reargument and for reconsideration and, on February 9, 2000, the court denied the motion. Whitaker subsequently settled his claims with respect to the FTI defendants, and on March 7, 2000, the district court entered a consent order dismissing the action with prejudice as to all defendants except for ATI and RJU. On March 20, 2000, Whitaker filed a notice of appeal, naming only ATI and RJU as the defendants-appellees.

### DISCUSSION

### I

### Motion To Remand

Whitaker argues that, in denying the motion to remand, the district court:

(1) erred in interpreting *Murphy Brothers* to require that only the complaint can constitute the initial pleading under 28 U.S.C. § 1446(b); (2) erred by considering arguments in support of removal that were not raised in the notice of removal; (3) erred in concluding that the defendants could not ascertain removability from the face of the summons with notice; and (4) erred in concluding that Whitaker had fraudulently joined RJU. We consider each contention in order, reviewing the record *de novo*, *Shafii v. British Airways, PLC*, 83 F.3d 566, 570 (2d Cir.1996) (a denial of a motion to remand is reviewed *de novo*), and with deference to the rule that the removal statute, like other jurisdictional statutes, is to be strictly construed. *Lupo v. Human Affairs Int'l Inc.*, 28 F.3d 269, 274 (2d Cir.1994) (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)).

1. *The Initial Pleading and 28 U.S.C. § 1446(b)*

Whitaker first argues that the district court erroneously interpreted the Supreme Court's decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), as holding that only a complaint can constitute the initial pleading under 28 U.S.C. § 1446(b). *See Whitaker*, 1999 WL 767432 at *1–*2. We agree.

The federal removal statute, 28 U.S.C. § 1446(b), states in relevant part that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the *receipt* by the defendant, *through service or otherwise,* of a copy of *the initial pleading* setting forth the claim for relief upon which such action or proceeding is based,
>
> . . . .

*Id.* (emphasis added). Prior to the Supreme Court's decision in *Murphy Broth-* ers, several federal circuits, in interpreting the section 1446(b) requirement that a defendant receive the initial pleading "through service or otherwise" held that receipt of the initial pleading alone triggered the running of the removal period, with formal service of process unnecessary. *See Murphy Brothers*, 526 U.S. at 349 & n. 2, 119 S.Ct. at 1326 (*citing Reece v. Wal–Mart Stores, Inc.*, 98 F.3d 839, 841 (5th Cir.1996); *Roe v. O'Donohue*, 38 F.3d 298, 303 (7th Cir.1994)). These courts, in emphasizing the plain meaning of section 1446(b), were of the opinion that the words "receipt . . . through service *or otherwise* " opened the door to a universe of other means aside from service of process for putting a defendant in possession of the initial pleading, and that to construe the statute differently would be to render the phrase "or otherwise" meaningless. *See e.g., Roe*, 38 F.3d at 304. Other federal courts disagreed, however, and held that, notwithstanding the "or otherwise" language, formal service was indeed required to trigger the removal period. *Murphy Brothers*, 526 U.S. at 349 & n. 2, 119 S.Ct. at 1326 (*citing Bowman v. Weeks Marine, Inc.*, 936 F.Supp. 329, 333 (D.S.C.1996); *Baratt v. Phoenix Mut. Life Ins. Co.*, 787 F.Supp. 333, 336 (W.D.N.Y.1992)).

The Supreme Court addressed this split in authority in *Murphy Brothers.* There, a plaintiff filed a complaint in Alabama state court and faxed a courtesy copy of the filed complaint to the defendant, but did not serve the complaint until fourteen days later when settlement negotiations failed. *Murphy Brothers*, 526 U.S. at 348, 119 S.Ct. at 1326. Some thirty days after service but forty-four days after receipt of the faxed copy, the defendant removed the case to federal district court. *Id.* The plaintiff thereafter moved to remand the case back to state court on the grounds that the removal was untimely by fourteen

days, arguing that the thirty day removal clock began to run when the defendant received a fax copy of the complaint. *Id.* The district court disagreed and denied the motion, concluding that the removal was timely as, under section 1446(b), the removal period did not begin to run until the defendant was officially served. *Murphy Brothers*, 526 U.S. at 349, 119 S.Ct. at 1326. On interlocutory appeal, the Eleventh Circuit reversed, concluding that, based on the plain meaning of the words, "receipt . . . through service or otherwise," the defendant's receipt of the faxed copy of the complaint was sufficient to trigger the removal period. *Id.* (*citing* 125 F.3d 1396, 1397–98 (1997)).

■ On petition for certiorari to the Supreme Court, the High Court granted the petition and reversed, holding that, based on the history and text of section 1446(b), and the historic function of service of process as the official trigger for responsive action by a defendant, the commencement of the removal period could only be triggered by formal service of process, regardless of whether the statutory phrase "or otherwise" hints at some other proper means of receipt of the initial pleading. *Murphy Brothers*, 526 U.S. at 349–356, 119 S.Ct. at 1326–1330. In the view of the majority of the Court, the words "or otherwise" were simply so indefinite as to be meaningless. *Murphy*

*Brothers*, 526 U.S. at 353, 119 S.Ct. at 1328.

Because the initial pleading served in *Murphy Brothers* was a complaint, the Court substituted the word "complaint" for the statutory term "initial pleading" in its analysis of section 1446(b). *Murphy Brothers*, 526 U.S. at 347, 119 S.Ct. at 1325. The Court did not define that statutory term to mean the complaint in all instances[3] and did not address the issue presented here, that is, whether a pleading other than a complaint can constitute the initial pleading under section 1446(b) for purposes of triggering the removal period. We now address this issue.

For decades, the federal district courts in New York have confronted this issue and reached conflicting results. Some courts have held that only the complaint can constitute the initial pleading for purposes of removal under section 1446(b). *See E.W. Howell Co., Inc. v. Underwriters Labs., Inc.*, 596 F.Supp. 1517 (E.D.N.Y. 1984); *Mfrs. & Traders Trust Co. v. Hartford Accident and Indem. Co.*, 434 F.Supp. 1053 (W.D.N.Y.1977). These courts have rejected the notion that a summons with notice can constitute the initial pleading because: (a) the summons with notice is not defined as a pleading under N.Y.C.P.L.R. § 3011; (b) the notice has no

---

**3.** In *Murphy Brothers*, the Supreme Court discussed a Maryland case in which a federal district court articulated four possible scenarios for triggering the removal clock, including that, "if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's *receipt of the complaint*." *Murphy Brothers*, 526 U.S. at 354, 119 S.Ct. at 1328–29 (emphasis added) (*citing Potter v. McCauley*, 186 F.Supp. 146, 149 (D.Md.1960)). The court below used this language to buttress its conclusion that, after *Murphy Brothers*, the only kind of initial pleading that can trigger the removal period

is the complaint. *Whitaker*, 1999 WL 767432, at *2. We find error with this conclusion. The High Court did not discuss the term "initial pleading" or decide that only a complaint can constitute the initial pleading under section 1446(b). Rather, the Court used the four scenarios to illustrate that, in any given case, the rule announced requiring formal service of process affords a removing defendant at least thirty days from the date of service to file the notice of removal, even in states, such as New York, that historically utilized atypical procedures for commencement of an action and filing of the complaint. *Murphy Brothers*, 526 U.S. at 354, 119 S.Ct. at 1328–29.

legal effect under New York law except in cases of default; and (c) the legislative history of section 1446(b) appears to point to service of the complaint alone as the relevant event for triggering the removal period. *See Mfrs. & Traders Trust Co.,* 434 F.Supp. at 1054–55.

To the contrary, other courts have held that "a summons with notice validly filed under New York law constitute[s] an initial pleading if the summons contain[s] sufficient information to enable the defendant to 'intelligently ascertain' the basis for removal." *Brooklyn Hosp. Ctr. v. Diversified Info. Techs., Inc.,* 133 F.Supp.2d 197, 201 (E.D.N.Y.2001); *see also Gucciardo v. Reliance Ins. Co.,* 84 F.Supp.2d 399, 402–03 (E.D.N.Y.2000); *Negrin v. Alza Corp.* No. 98 Civ 4772, 1999 WL 144507, *6 (S.D.N.Y. Mar.17, 1999); *Richstone v. Chubb Colonial Life Ins.,* 988 F.Supp. 401, 402–03 (S.D.N.Y.1997); *Rosenthal v. Life Fitness Co.,* 977 F.Supp. 597, 599 (E.D.N.Y.1997); *Colon v. Nat'l Car Rental,* No. 92 Civ. 8503, 1993 WL 227596, at *3 (S.D.N.Y. June 21, 1993); *Universal Motors Group of Companies, Inc. v. Wilkerson,* 674 F.Supp. 1108, 1112 (S.D.N.Y. 1987); *Worthy v. Schering Corp.,* 607 F.Supp. 653, 656 (E.D.N.Y.1985).

In resolving this issue, we look first to the language of section 1446(b) itself. *Aslanidis v. United States Lines, Inc.,* 7 F.3d 1067, 1072 (2d Cir.1993) ("[A] court should presume that [a] statute says what it means."). "If the words of the statute are unambiguous, judicial inquiry should end, and the law interpreted according to the plain meaning of its words." *Id.* (*citing Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981)). "[A] court will not adopt a different construction absent clear legislative history contradicting the plain meaning of the words." *United States v. Holroyd,* 732 F.2d 1122, 1125 (2d Cir.1984).

In examining the plain language of section 1446(b), we observe that the statute does not require the receipt of a *complaint* for triggering the removal period. Rather, Congress simply required that, for purposes of starting the thirty day clock, a defendant receive "the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). We perceive no ambiguity in these words. If Congress meant to limit the triggering event to receipt of the complaint alone, it would have so stated.

We also find that the legislative history does not reflect a contrary intent. In 1948, Congress enacted section 1446(b) in an attempt to insure adequate time to remove cases to federal court and, at the same time, establish a national, uniform time-frame for removal which previously varied from state to state. *Murphy Brothers,* 526 U.S. at 351, 119 S.Ct. at 1327 (*quoting* H.R.Rep. No. 308, 80th Cong., 1st Sess., A135 (1947)); *see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941). To accomplish this end, the statute originally required the removal petition to be filed within twenty days after commencement of the action or service of process, whichever was later. *Murphy Brothers,* 526 U.S. at 351, 119 S.Ct. at 1327 (*quoting* Act of June 25, 1948, 62 Stat. 939, as amended, 28 U.S.C. § 1446(b)). This rule, however, failed to insure an adequate and uniform removal period in states such as New York, where an action could be commenced by simply serving the summons— a document that, at that time, was not required to provide information from which a defendant could ascertain removability. *Id.; see also Wilkerson,* 674 F.Supp. at 1111–12 (*quoting* 8 Gilbert–Bliss, *The Civil Practice of New York Annotated,* Civil Practice Act § 16 (1939)).

Only the complaint provided such information and, because service of the summons commenced the action, the removal period could expire before the defendant received the complaint and could assess removability as an option. *See Murphy Brothers,* 526 U.S. at 352, 119 S.Ct. at 1327–28 (*quoting* S.Rep. No. 303, 81st Cong., 1st Sess., 6 (1949)).

In order to "make [the statute] fit the diverse procedural laws of the various states" *Wilkerson,* 674 F.Supp. at 1111 (*quoting* H.R.Rep. No. 352, 81st Cong., 1st Sess., *reprinted in* 1949 U.S.Code, Cong. & Admin News, 1248, 1254), and insure adequate time for removal, Congress in 1949 enacted the current version of section 1446(b).[4] *Murphy Brothers,* 526 U.S. at 352, 119 S.Ct. at 1327. Under the 1949 revision, Congress forbade the removal period from commencing until the defendant received information from which removability could be ascertained, *Murphy Brothers,* 526 U.S. at 352, 119 S.Ct. at 1327–28, by triggering the running of the clock on the defendant's receipt of "the initial pleading setting forth *the claim for relief upon which such action or proceeding is based.*" 28 U.S.C. § 1446(b) (emphasis added).

The legislative history reflects a clear concern for ensuring that a defendant "know[ ] what the suit is about" before triggering the removal clock. *Murphy Brothers,* 526 U.S. at 352, 119 S.Ct. at 1327

(*quoting* S.Rep. No. 303, 81st Cong., 1st Sess., 6 (1949), U.S. Code Cong. & Admin. News at 1248, 1253). That history does not, however, reflect any concern for limiting the term "initial pleading" to mean the complaint in all instances. While there is a discussion in the 1949 history rejecting the notion that a summons can constitute the initial pleading under then-existing New York law,[5] this discussion does not reflect the current state of New York law, which, since 1979, has required the summons to provide notice stating the nature of the action and the relief sought—that is, information from which a defendant can ascertain removability. *See Brooklyn Hosp. Ctr.,* 133 F.Supp.2d at 202 (*quoting* N.Y.C.P.L.R. § 305(b)). Because the summons with notice generally provides information from which a defendant can ascertain removability, this document is often consistent with the 1949 Congressional conception of an initial pleading. *Id.* at 203. Further, although a summons with notice is not technically defined as a pleading under N.Y.C.P.L.R. § 3011, and the notice has no legal effect in New York except in cases of default, we nevertheless conclude that it may constitute an initial pleading for purposes of the federal removal statute. *See Universal Motors Group of Companies, Inc.,* 674 F.Supp. at 1111 (S.D.N.Y.1987) ("a court should look beyond the particular label which a local jurisdiction chooses to give the document and instead focus on whether the content

4. Congress slightly modified the 1949 version in 1965, extending the removal window from twenty days to thirty days.

5. Specifically, the House Report accompanying the 1949 amendment stated that the statute, as originally enacted

> has been found to create difficulty in those States, such as New York, where suit is commenced by the service of a summons and the plaintiff's initial pleading is not required to be served or filed until later.

> The first paragraph of the amendment to subsection (b) corrects this situation by providing that the petition for removal need not be filed until 20 days after the defendant has received a copy of the plaintiff's initial pleading.

> *See E.W. Howell Co., Inc. v. Underwriters Labs., Inc.,* 596 F.Supp. 1517, 1519 (E.D.N.Y.1984)(*quoting* H.R.Rep. No. 352, 81st Cong., 2d Sess., *reprinted in* 1949 U.S.Code Cong. & Admin.News, 1248, 1254, 1268).

of the document satisfies the conditions of the federal removal statute.")(*citing Ardison v. Villa,* 248 F.2d 226 (10th Cir.1957)). We therefore conclude that a summons with notice may serve as an initial pleading under section 1446(b).

2. *Arguments Not Raised In The Notice of Removal*

■ Whitaker next argues that the district court erred in permitting ATI to present arguments in support of removal that were not raised in the notice of removal. Specifically, as set forth, *supra,* on July 29, 1999, the defendants removed the action to the district court by filing a notice of removal stating that jurisdiction was proper in federal court based upon diversity of citizenship under 28 U.S.C. § 1332(a). In response, on September 16, 1999, Whitaker moved to remand the case to state court, arguing that removal was untimely because the defendants failed to file their notice of removal within thirty days of receiving the initial pleading under 28 U.S.C. § 1446(b), with the initial pleading being the summons with notice. In opposing the motion to remand, the defendants argued that, to the contrary, the removal petition was indeed timely filed as it had been filed within the statutory period of thirty days from the receipt of the complaint. In arguing that only the complaint could constitute the initial pleading, the defendants asserted that, among other things, the summons with notice failed as the initial pleading because removability could not be ascertained from its face. The district court agreed, but did not ground its decision to deny the motion to remand on this rationale. *See Whitaker,* 1999 WL 767432, at *2 n. 5. Whitaker now argues that, because ATI failed to press in the notice of removal the argument that removability could not be ascertained from the face of the summons with notice, the "argument is time barred as not having

been set forth, in the first instance, in the notice of removal." We disagree.

The removal statute requires the notice of removal to contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Where the notice fails to state a proper basis for removal, a defendant generally will not be permitted to amend the notice after the close of the thirty day removal period. *Lupo,* 28 F.3d at 274. Here, the notice of removal states that jurisdiction is proper in federal court based upon "diversity of citizenship between the plaintiff and defendants and [a matter] in controversy exceed[ing] the sum of $75,000, exclusive of interest and costs." This is a proper basis for removal and, because the record does not indicate that ATI or any of the other defendants ever sought to change that notice to reflect a different basis for removal, we reject Whitaker's strained contention that ATI somehow amended it simply by responding to Whitaker's motion to remand.

3. *The Summons with Notice and Removability*

■ Whitaker next argues that the district court erred in concluding that the defendants could not have ascertained removability from the face of the summons with notice. In this regard, Whitaker maintains that, because the summons with notice clearly states an amount in controversy exceeding the required jurisdictional amount and "identifies Whitaker with offices in New York City, ATI as a Delaware Corporation, and FTI as an Indiana Corporation," any defendant with reasonable intelligence and with "some investigation" could have ascertained federal diversity jurisdiction and hence, removability, from the face of that document.

■ We disagree. A case is removable when the initial pleading "enables the de-

fendant to 'intelligently ascertain' removability from the face of such pleading, so that in its petition for removal[, the] defendant can make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. § 1446(a)." *Richstone*, 988 F.Supp. at 403 (*citing Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir.1957)). A pleading enables a defendant to intelligently ascertain removability when it provides "the necessary facts to support [the] removal petition." *Id.* (*quoting Rowe v. Marder*, 750 F.Supp. 718, 721 (W.D.Pa.1990), *aff'd*, 935 F.2d 1282 (3d Cir.1991)). In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party. *See e.g., Day v. Zimmer Inc.*, 636 F.Supp. 451, 453 (N.D.N.Y.1986). While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability. *See e.g., Rowe*, 750 F.Supp. at 720 ("a defendant must be able to ascertain easily [from the pleading] the necessary facts to support his removal petition.") (internal quotation marks/citations omitted); *see also Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir.1993) ("the relevant test is not what the defendants purportedly knew, but what [the document] said.").

Federal diversity jurisdiction and, hence, removability, could not have been ascertained from the face of Whitaker's summons with notice. While this document does state an amount in controversy of "$750,000.00 plus damages and costs," which is far in excess of the $75,000 minimum required under 28 U.S.C. § 1332(a), and further "identifies Whitaker with offices in New York City, ATI as a Delaware Corporation, and FTI as an Indiana Corporation," it fails to identify the addresses of these defendants, and fails to identify the address of another named defendant. In particular, the summons with notice names RJU as a defendant and seeks damages and equitable relief with respect to this entity, but does not disclose its address. This defect makes it impossible to assess whether there is complete diversity and, hence, a basis for removal. Accordingly, we find no error with the district court's conclusion that removability could not be ascertained from the face of that document.

Because there is no dispute that removability could be ascertained from the face of the complaint, we conclude that the complaint constituted the initial pleading for purposes of removal under section 1446(b), and that its receipt by the defendants triggered the thirty day removal period. Because the defendants filed their notice of removal within that thirty day period, we find no error with the district court's ultimate conclusion that the removal was timely.

### 4. *Fraudulent Joinder*

After concluding that the initial pleading under section 1446(b) had to be the complaint and that, accordingly, the notice of removal was timely filed, the district court went on to consider whether jurisdiction in federal court was proper. *See* 28 U.S.C. § 1441(a) (only civil actions of which the district court has original jurisdiction may be removed). As set forth in the amended complaint, both the plaintiff, Whitaker, and one of the defendants, RJU, are identified as residents of New York. While identity of citizenship between a plaintiff and a defendant is sufficient to defeat federal diversity jurisdiction, *see e.g. Advani Enters., Inc. v. Underwriters At Lloyds*, 140 F.3d 157, 160 (2d Cir.1998), the district court nevertheless held that jurisdiction in federal court was proper. *Whitaker*, 1999 WL 767432, at *3. As the court reasoned,

because Whitaker did not assert any claims against RJU, Whitaker had fraudulently joined RJU in an attempt to defeat federal diversity jurisdiction. *Id.* Consequently, the court dismissed the action against RJU under Fed.R.Civ.P. 21 [6] and, with the dismissal of the only non-diverse party, concluded that federal jurisdiction was proper under 28 U.S.C. § 1332(a). *Id.*

Whitaker now argues that, because he sought a declaratory judgment under N.Y.C.P.L.R. § 3001 [7] as to his rights and RJU's rights "to share in any proceeds received by Mr. Whitaker as a result of prosecuting his claims," the district court erred in finding that he fraudulently joined RJU in an attempt to defeat federal jurisdiction. We disagree.

■ "[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir.1998) (citations omitted).

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court.

*Id.* at 461. "Joinder will be considered fraudulent when it is established 'that there can be no recovery [against the defendant] under the law of the state on the cause alleged.' " *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1276 (S.D.N.Y.1984) (citations omitted/brackets in original).

■ The amended complaint states that the action is one for "damages, declaratory and injunctive relief arising out of a conspiracy among defendant [FTI], defendant [ATI], defendant JAS Partners, Ltd., and defendant [Simon] to deprive Ridley Whitaker ... and [RJU] of legal fees." The amended complaint does not assert any claims against RJU and, in the prayer for relief, Whitaker requests no relief against RJU, but instead seeks a declaration that "RJU be entitled to receive at least $75,000 of any contingent payment paid to Mr. Whitaker" and "[t]hat all defendants *except RJU* be directed to account for and deliver to Mr. Whitaker payment of attorneys fees due and owing under the statutory charging lien." (emphasis added). Because the amended complaint does not state a cause of action against RJU or seek any relief against this entity under state law and, to the contrary, seeks relief on behalf of Whitaker and RJU, we find no error with the district court's conclusion that Whitaker fraudulently joined RJU in an attempt to defeat federal diversity jurisdiction.

In sum, we agree with Whitaker that the district court erroneously interpreted

**6.** Rule 21 provides, in relevant part:

Parties may be dropped or added by order of the Court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

**7.** N.Y.C.P.L.R. § 3001 (McKinney's 2001) provides:

The supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed. If the court declines to render such a judgment it shall state its grounds.

*Murphy Brothers* to require that only a complaint can constitute the initial pleading under 28 U.S.C. § 1446(b). We disagree, however, that the summons with notice in this case constituted the initial pleading. Because the defendants could not have ascertained removability from the face of that document, we find no error with the district court's ultimate conclusion that the complaint constituted the initial pleading for purposes of removal under 28 U.S.C. § 1446(b). Because the record reflects that the notice of removal was filed within the statutory time limit of thirty days from the defendant's receipt of the initial pleading, and that the district court had jurisdiction under 28 U.S.C. § 1332(a), the district court properly denied the motion to remand.

## II

### Motion To Dismiss

In granting ATI's motion to dismiss under Fed.R.Civ.P. 12(b)(2), the district court held that Whitaker failed to demonstrate any factual predicate authorizing jurisdiction over ATI under the New York long arm statute, N.Y.C.P.L.R. § 302(a) and that, in any event, compelling ATI to litigate in New York would offend the due process clause of the Fourteenth Amendment to the United States Constitution. *Whitaker v. Fresno Telsat, Inc.*, 87 F.Supp.2d 227, 233 (S.D.N.Y.1999). On appeal, Whitaker argues that the district court: (1) erred in concluding that Whitaker failed to show injury in New York and, hence, a basis for reaching ATI under the New York long arm statute, and (2) erred in concluding that contacts between ATI and New York were so lacking that compelling ATI to litigate in New York would offend the due process clause of the Fourteenth Amendment.

"This Court reviews *de novo* a dismissal for lack of personal jurisdiction." *Chaiken v. VV Publ'g. Corp.*, 119 F.3d 1018, 1025 (2d Cir.1997) (citations omitted). The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994). A plaintiff may carry this burden "by pleading in good faith … legally sufficient allegations of jurisdiction, i.e., by making a 'prima facie showing' of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir.1998) (*quoting Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990)). A plaintiff can make this showing through his "own affidavits and supporting materials[,]" *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981), containing "an averment of facts that, if credited …, would suffice to establish jurisdiction over the defendant." *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.1996) (*quoting Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990)). "[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor[.]" *A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir.1993).

In assessing whether personal jurisdiction is authorized, "the court must look first to the long-arm statute of the forum state, in this instance New York." *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir.1997). "If the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process." *Id.* Because we agree with the district court that Whitaker failed to establish injury in New York and, hence, long

arm jurisdiction, we do not reach his due process argument.

The New York long arm statute authorizes personal jurisdiction over non-domiciliaries under several circumstances, *see* N.Y.C.P.L.R. § 302(a), including those cases where the non-domiciliary "commits a tortious act [outside] the state causing injury to person and property within the state, [among other requirements]." N.Y.C.P.L.R. § 302(a)(3) (McKinney's 2001). "[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir.1999) (citation omitted). "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir.1990)(internal citation/quotations omitted) (where plaintiff lived in New York and sued his New Jersey employer for wrongful discharge, situs of injury was location of events which caused injury, i.e., New Jersey, not place where economic consequences were felt, i.e., New York); *see also Hermann v. Sharon Hosp., Inc.*, 135 A.D.2d 682, 683, 522 N.Y.S.2d 581, 583 (2d Dep't 1987) (in medical malpractice action, situs of injury was place where plaintiff received medical treatment, not where the effects of the doctor's negligence were felt). "The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." *United Bank of Kuwait v. James M. Bridges, Ltd.*, 766 F.Supp. 113, 116 (S.D.N.Y.1991).

In this case, Whitaker averred that ATI committed tortious conduct outside of New York through conspiring with FTI to deprive him of legal fees, with the intent to economically injure him in New York. Further, he asserts that the original event giving rise to his claim of economic harm was his tendering of legal service to FTI in New York. Accepting these averments as true, they fail to serve as the basis for injury in New York and hence, jurisdiction under § 302(a)(3). As set forth above, the situs of injury for purposes of asserting long arm jurisdiction is the place where the underlying, original event occurred which caused the injury. The alleged injury here does not arise out of the legal services provided, but out of ATI's alleged failure to pay for such services. Accordingly, we agree with the district court that the relevant, original event which caused the alleged injury was "either the structuring of the partnership sale to avoid payment [to Whitaker] or the actual withholding of payment to Whitaker, both of which occurred outside New York." *Whitaker*, 87 F.Supp.2d at 233. We therefore agree with the district court that Whitaker has failed to allege New York injury and hence, a factual predicate sufficient to authorize jurisdiction over ATI under the New York long arm statute. Consequently, we conclude that the district court did not err in dismissing the action under Fed.R.Civ.P. 12(b)(2) for want of personal jurisdiction.

*CONCLUSION*

For the foregoing reasons, the judgment of the district court in connection with both orders is affirmed. Costs to the appellee, ATI.