09-4943-cv
Rachel Moltner v. Starbucks Coffee

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Argued: October 25, 2010          Decided: November 2, 2010)

_____

RACHEL MOLTNER,

*Plaintiff-Appellant*,

—v.—

STARBUCKS COFFEE COMPANY, also known as Starbucks Corporation,

*Defendant-Appellee*.

Docket No. 09-4943-cv

_____

B e f o r e : MINER, KATZMANN, *Circuit Judges*, COTE, *District Judge*.[*]

_____

Plaintiff-appellant Rachel Moltner appeals from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*) entered on October 27, 2009, granting defendant's motion for summary judgment. Moltner also challenges an order of the district court entered on February 27, 2009, denying her motion to remand the case to state court. For reasons stated below and in the accompanying summary order, the judgment of the district court is **AFFIRMED**.

_____

[*] The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

Counsel for Plaintiff-Appellant:     SANFORD F. YOUNG, New York, NY (David
                                      Jaroslawicz, Jaroslawicz & Jaros, LLC, New York,
                                      NY, Bradley A. Sacks, New York, NY, *of counsel*)

Counsel for Defendant-Appellee:      GEORGE N. TOMPKINS, III (Richard E. Lerner, Judy C.
                                      Selmeci, *of counsel*), Wilson, Elser, Moskowitz,
                                      Edelman & Dicker LLP, New York, NY

PER CURIAM:

Plaintiff-appellant Rachel Moltner appeals from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*) entered on October 27, 2009, granting the motion of defendant-appellant Starbucks Coffee Company ("Starbucks") for summary judgment. On this appeal, Moltner also challenges an order of the district court entered on February 27, 2009, denying her motion to remand the case to state court. Moltner sought to remand the case on the ground that Starbucks' removal of the case under 28 U.S.C. § 1446 was untimely. Moltner's motion to remand presented the question whether, where a plaintiff's complaint does not specify the amount of monetary damages sought, the time for removal under 28 U.S.C. § 1446(b) begins with service on the defendant of the complaint or with the service of the first paper that explicitly states the facts establishing removability.

We review here the district court's order finding that the time for removal runs from the service of the first paper stating on its face the amount of damages sought, and we agree. We address in a separate summary order Moltner's challenges to the district court's decision granting Starbucks' motion for summary judgment. For the reasons stated herein and in the accompanying summary order, the judgment of the district court is **AFFIRMED**.

The facts of this case are largely undisputed. On February 19, 2008, Moltner, a 76-year-

old New York resident, purchased a "Venti"-sized cup of tea at the Starbucks Coffee Shop at 80th Street and York Avenue. Her tea was served to her double-cupped and lidded. She took it back to a table and proceeded to try to remove the lid to add sugar. She had difficulty removing the lid, and in the course of her attempts to pry it off, the tea spilled onto her left leg and foot. Moltner suffered severe enough burns to require a skin graft. Her hospital stay also occasioned a number of secondary injuries, including bed sores and a fractured sacrum and herniated discs caused by a fall out of bed.

Moltner filed a personal injury action on July 31, 2008 in New York State Supreme Court. Pursuant to New York C.P.L.R. § 3017(c), her complaint described her injuries but did not state the amount of monetary damages sought.[1] Starbucks served its answer on August 26, 2008, and on the same date it served a Request for Supplemental Demand for Relief, in accordance with New York C.P.L.R. § 3017(c).[2] Moltner responded to this Demand by letter dated October 21, 2008, stating that she sought damages not to exceed $3 million. On October 29, 2008, Starbucks filed a notice of removal. On November 12, 2008, Moltner moved to remand pursuant to 28 U.S.C. § 1447(c), asserting that Starbucks' removal had been untimely. By order dated March 13, 2009, the district court denied Moltner's motion.

Under 28 U.S.C. § 1446(b),

[t]he notice of removal of a civil action or proceeding shall be filed within thirty days

---

[1] New York C.P.L.R. § 3017(c) provides, "[i]n an action to recover damages for personal injuries or wrongful death, the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled."

[2] Under New York C.P.L.R. § 3017(c) "a party against whom an action to recover damages for personal injuries . . . is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request."

after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Starbucks' notice of removal was not filed within 30 days of its receipt of Moltner's complaint. Moltner argues that removal was therefore untimely, while Starbucks argues that the removal clock did not begin to run until it received the first paper from which it could ascertain that the case was removable — specifically, Moltner's October 21, 2008 letter stating that she sought damages not to exceed $3 million. If Starbucks is correct and the time for removal began to run on October 21, 2008, then removal was timely under § 1446(b).

Our holding in *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001), lends strong support to Starbucks' position. In *Whitaker*, the plaintiff had served the defendant with a summons with notice pursuant to New York C.P.L.R. § 304(a). The summons with notice did not provide the address of one of the defendants, although it specified the states of incorporation of the two other defendants. *Whitaker*, 261 F.3d at 206. The complaint, served about six weeks later, did give on its face sufficient information to determine the citizenship of all defendants. *Id.* The defendant served its notice of removal 27 days after service of the complaint. *Id.* at 199. The plaintiff subsequently moved to remand on the ground that removal was untimely. The district court held that removal was not untimely because only service of the complaint could start the removal clock under 28 U.S.C. § 1446(b) and, in the alternative, that the summons with notice did not start the clock because it did not state, on its face, facts

-4-

sufficient to determine that the action was removable. *Id.* at 200.

We disagreed with the district court's holding that only the complaint can trigger the start of the 30-day window for removal. Noting that § 1446(b) uses the term "initial pleading" rather than complaint, *id.* at 203, we held that "a summons with notice may serve as an initial pleading under section 1446(b)," *id.* at 205. We affirmed the district court's denial of the motion to remand, however, because we agreed that the 30-day period did not begin to run until the defendant received the first document from which all of the facts giving rise to removability were evident — *i.e.*, the complaint. *Id.* at 206. Therefore, removal had been timely. *Id.* We explained:

> A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a). A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition. In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party. While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability.

*Id.* at 205-06 (internal citations omitted).

Moltner argues that *Whitaker* does not preclude her argument because Starbucks, applying "a reasonable amount of intelligence" to its reading of the complaint, should have deduced from the complaint's description of her injuries that the amount in controversy would exceed $75,000. She points to a number of district court cases from other circuits that have held that the removal clock runs from the service of the complaint, even where the complaint does not specify the amount of monetary damages sought, when the defendant can reasonably discern from the complaint that the damages sought will meet the amount-in-controversy requirement of

28 U.S.C. § 1332. *See, e.g.*, *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 563 (D. N.J. 2009) ("While plaintiff's complaint does not quantify the amount of damages sought, . . . defendants' argument that they were unsure of their ability to remove until plaintiff's confirmation of the amount in controversy is unpersuasive. Facially, plaintiff's complaint established that it is more likely than not that the claimed damages would exceed $75,000.00 if plaintiff were successful."); *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994) ("[E]ven where the amount of damages is not specified, if the defendant is able to ascertain from a fair reading of the complaint or other papers filed that the minimum jurisdictional amount exists, he cannot sit idly by while the statutory period runs." (internal quotation marks omitted)).

To the extent that our holding in *Whitaker* does not foreclose this argument, we now reject it. We join the Eighth Circuit, as well as all of the district courts in this Circuit to have addressed the issue, in holding that the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought. *See In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam) ("We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount."); *Quintana v. Werner Enters., Inc.*, No. 09 Civ. 7771, 2009 WL 3756334 (S.D.N.Y. Nov. 2, 2009); *Gourgue v. Red Lobster Rest.*, No. 07-3072, 2008 WL 822129 (E.D.N.Y. Mar. 26, 2008); *Pinson v. Knoll, Inc.*, No. 07 Civ. 1739, 2007 WL 1771554 (S.D.N.Y. June 18, 2007); *Yonkosky v. Hicks*, 409 F. Supp. 2d 149 (W.D.N.Y. 2005).

Moltner asserts that this approach will invite gamesmanship in that a defendant may delay serving a request for specification of the damages sought for up to a year while it tests the waters in state court, removing only if and when it determines that the state court is not a

favorable forum for it. We note that this argument finds no support in the facts of Moltner's own case. Starbucks served its Request for a Supplemental Demand for Relief on the same date it served its answer. It was, in fact, Moltner who delayed matters, filing her response to this request outside the 15-day window specified in New York C.P.L.R. § 3017(c). Eight days later, Starbucks filed its notice of removal. We also see no evidence of such gamesmanship in the district court cases that have addressed similar situations.

We further find that a bright line rule is preferable to the approach Moltner advocates. Requiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks will create uncertainty and risks increasing the time and money spent on litigation. Under Moltner's approach, if a defendant waits to remove until the damages have been specified, the parties will dispute, upon removal, whether the defendant should have known from the complaint that the jurisdictional threshold was met.

We therefore agree with the district court's disposition of Moltner's motion to remand.

We have considered all of the parties' arguments, and for the reasons stated herein and in the accompanying summary order, the judgment of the district court is **AFFIRMED**.