**ARTISTS RIGHTS ENFORCEMENT CORP., Plaintiff,**

v.

**Jerri Thomas JONES, Defendant.**

**17–CV–3189 (VM)**

United States District Court, S.D. New York.

Signed June 16, 2017

Ira George Greenberg, Locke Lorde LLP, New York, NY, for Plaintiff.

David Alexander Munkittrick, Russell Luke Kostelak, Sandra Allison Crawshaw, Proskauer Rose LLP, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge:

Plaintiff Artists Rights Enforcement Corp. ("AREC") brought this action in New York Supreme Court for the County of New York (the "State Court") against Jerri Thomas Jones ("Jones"), seeking a declaratory judgment determining that Jones cannot terminate a contract between AREC and Jones's predecessor in interest, her deceased aunt. ("Complaint," Dkt. No. 1, Ex. C.) Jones removed the case to this Court when AREC discontinued its claims against a New York corporation, which created complete diversity between the parties. ("Notice of Removal," Dkt. No. 1.)

On May 31, 2017, AREC moved for an Order to remand the action to State Court. ("Motion," Dkt. No. 8.) For the reasons discussed below, AREC's Motion is denied.

## I. BACKGROUND

On March 3, 2017, AREC served Jones with a summons by leaving a notice on the door of Jones's home in Longview, Texas. ("Affidavit of Service," Dkt. No. 9, Ex. B.) The summons with notice informed Jones that the nature of the action was to "[e]nforce [the] contract with defendant's decedent" and the relief sought was identified as " [d]eclaratory judgment." ("Summons," Dkt. No. 1, Ex. A. at 1.)

On April 3, 2017, Jones filed a demand for a complaint in response to the Summons. (Dkt. No. 1, Ex. B.) AREC filed the Complaint in State Court on April 11, 2017. Although the Complaint also asserted claims against Broadcast Music, Inc. ("BMI"), a New York corporation, AREC subsequently discontinued its claims against BMI, which created complete diversity of citizenship between the parties. (Dkt. 1, Ex. D.) Jones removed the action to this District on May 1, 2017. (Notice of Removal.) In her Notice of Removal, Jones alleges, without further elaboration, that the amount in controversy exceeds $75,000. (Notice of Removal at ¶ 5.)

By letter dated May 23, 2017, AREC advised the Court of its contemplated motion to remand. ("May 23 Letter," Dkt. No. 12 at 1.) AREC argues that the Summons it served on Jones on March 3, 2017 was an initial pleading, and that the 30–day deadline for removal to federal court therefore began to run on that date. AREC further contends that Jones's May 1, 2017 Notice of Removal was thus untimely because it was filed more than 30 days after service of the Summons. AREC acknowledges, however, that "remand does not lie if the summons did not trigger it." (May 23 Letter at 1.)

By letter dated May 25, 2017, Jones opposed AREC's remand motion. ("May 25 Letter," Dkt. No. 11.) Jones argues that the Summons did not trigger the limitations period because neither the contract in dispute nor the amount in controversy could be ascertained from the Summons. Jones maintains that, instead, AREC's Stipulation of Discontinuance without Prejudice started the clock because it was only then that diversity was restored and removal by Jones became possible.

In a memorandum in support of its Motion, AREC argues, on substantially the same grounds as its May 23 Letter, that the Summons was sufficient to start the removal clock. ("Memorandum," Dkt. No. 10.) AREC further argues that the cases Jones cites are not applicable here because, unlike the facts presented in those cases, Jones knew which contract the Summons referenced and therefore knew the amount in controversy. Moreover, AREC contends that its position that Jones had knowledge of the amount in controversy is evidenced by the fact that despite the absence of allegations of specific damages in the Complaint, Jones still removed the case after the Complaint was filed. (Memorandum at 3.)

In opposition to AREC's Motion, (Dkt. No. 14) Jones reasserts the argument made in her May 25 Letter that the Summons did not trigger the 30–day deadline for removal. Jones further argues that AREC's arguments are immaterial to the issue of removability. Specifically, Jones asserts that cases where the Court found that the pleadings did trigger removability contained far more information than the Summons does here, and that the removability analysis remains the same regardless of the relief being sought.

## II. DISCUSSION

A notice of removal of a civil action must be filed within 30 days after

the defendant receives the "initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. Section 1446(b). To start the clock for removal, an initial pleading must, on its face, enable the defendant to intelligently ascertain removability. See Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 205–06 (2d Cir. 2001). A summons with notice may constitute an initial pleading if it provides sufficient information from which a defendant can ascertain removability. See id. at 203–05. A defendant need not "look beyond the initial pleading for facts giving rise to removability." Id. at 205–06. When "removability is not apparent from the allegations of an initial pleading or subsequent document, the 30–day clocks of 28 U.S.C. Section 1446(b)(1) and (b)(3) are not triggered." Cutrone v. Mortgage Elec. Registration Sys., Inc., 749 F.3d 137, 143 (2d Cir. 2014).

 Accordingly, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010). "If neither the initial pleading nor subsequent document explicitly specifies the amount of monetary damages sought, the Section 1446(b) removal clocks are not triggered and the defendant may remove 'when, upon its own independent investigation, it determines that the case is removable,' as long as removal occurs within one year after commencement of the action . . . ." Steele v. Charles George Cos., No. 15 Civ. 281, 2015 WL 2069895, at *1 (S.D.N.Y. Apr. 27, 2015) (quoting Cutrone, 749 F.3d at 146–48).

 Here, AREC does not contest that its claim satisfies the requisite amount of damages alleged for the Court to exercise jurisdiction based on diversity. Specifically, AREC "acknowledges that remand does not lie if the summons did not trigger it."

(May 23 Letter at 1.) Instead, AREC contests only the timeliness of Jones's Notice of Removal.

Pursuant to the Second Circuit's holding in Moltner, because the Summons did not explicitly specify the amount of monetary damages AREC sought, it did not trigger the 30–day removal period. See 624 F.3d at 38. Instead, the relief AREC sought was identified only as a " [d]eclaratory judgment" to "[e]nforce [the] contract with defendant's decedent." (Summons at 1.) The Summons did not make removability apparent because, while it provided sufficient evidence for diversity of citizenship, it did not specify the amount in controversy. For that reason, the Summons did not start the 30–day clock.

AREC argues that Moltner and Cutrone do not apply here because Jones knew exactly which contract the Summons placed at issue and therefore was able to ascertain removability from the Summons. The Court is not persuaded that this distinction constitutes grounds for abandoning Moltner's bright-line test that a pleading does not trigger the clock on removability unless it explicitly specifies the amount of monetary damages sought. In Moltner the Second Circuit specifically found "that a bright line rule is preferable" to the defendant "guess[ing] the amount of damages that the plaintiff seeks." 624 F.3d at 38.

AREC's argument that Jones knew the amount in dispute is unavailing. A defendant's subjective knowledge is not sufficient to start the removal clock. "[A]mple case law emphasizes that a court's task in determining when the Section 1446(b)(3) clock started does not entail an inquiry into a defendant's subjective knowledge." Suttlehan v. MidFirst Bank, 205 F.Supp.3d 366, 373 (S.D.N.Y. 2016). Rather, the specified time for removability begins to run

upon the serving of a pleading stating the exact monetary value in damages.

█ AREC's argument that because none of the subsequent pleadings indicated the amount in controversy, the Summons triggered the clock is similarly without merit. If "neither the initial pleading nor subsequent document explicitly specifies the amount of monetary damages sought, the Section 1446(b) removal clocks are not triggered . . . ." Steele, 2015 WL 2069895, at *1. Here, it is undisputed that, the pleadings fail to specify the amount in controversy. Thus, the removal clock has not been triggered. Accordingly, Jones's removal of this action when she determined that it was removable, within a year of this action's commencement, is timely. Since the action commenced on March 3, 2017, and Jones's Notice of Removal was filed well within the year provided by statute, removal was proper and timely.

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Motion (Dkt. No. 8) by plaintiff Artists Rights Enforcement Corp. to remand this action to the New York State Supreme Court, New York County, is **DENIED**.

**SO ORDERED.**