18-227
*Timothy Coffey Nursey Landscape, Inc., et al. v. Dominic Soave et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand nineteen.

Present:     ROBERT A. KATZMANN,
                              *Chief Judge*,
                   PETER W. HALL,
                   GERARD E. LYNCH,
                              *Circuit Judges*.

_____

TIMOTHY COFFEY NURSERY LANDSCAPE INC.,
TIMOTHY PATRICK COFFEY, Individually,

                    *Plaintiffs-Appellants*,

                    v.                                                    No. 18-227

DOMINIC SOAVE, BEN SOAVE, TAINA GROUP OF
COMPANIES, TAINA RISO SALES CANADA, LTD.,
TAINA COMMUNICATIONS, LTD.,

                    *Defendants-Appellees*.

_____

For Plaintiff-Appellant:          JACK S. DWECK, ESQ., The Dweck Law Firm, LLP, New
                                               York, New York.

For Defendants-Appellees:      MARK E. SPUND, Davidoff Hutcher & Citron LLP, New
                                               York, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Timothy Patrick Coffey and Timothy Coffey Nursery Landscape Inc. ("TCNLI") appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) entered January 11, 2018, dismissing the case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issue on appeal.

Timothy Coffey, a New York resident, is the sole shareholder and chief executive officer of TCNLI, which is incorporated in New York. Dominic Soave is a Canadian citizen who lives in Havana, Cuba. His companies, Taina Riso Sales Canada, Ltd. and Taina Communications Ltd.—collectively referred to as Taina Group of Companies for business purposes—are incorporated in Canada and do business in Cuba and Canada, respectively. Ben Soave, Dominic's cousin, is a Canadian citizen living in Toronto. Viewing the pleadings and supporting materials in the light most favorable to Coffey, as we must, *see Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013),[1] Dominic Soave and Timothy Coffey entered into an oral agreement in Cuba whereby plaintiffs would provide money to fund investments made by Dominic Soave and his companies. As part of this agreement, the parties made several wire transfers between Coffey's Capital One Bank account in New York and a Canadian bank account owned by Dominic Soave and/or his companies. Later, Dominic Soave and Ben Soave agreed to help Coffey withdraw $3,009,380.33 that Coffey had in a Certificate of

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, citations, alterations, and footnotes.

Deposit with the Banco Nacional of Panama. Per this agreement, which Coffey and Dominic Soave confirmed at a boat show in Miami, Coffey would use the money to purchase a yacht for resale and share the proceeds with Dominic Soave. Dominic Soave successfully obtained release of the funds, which, "pursuant to the agreement and Coffey's written directive . . . were wired directly to an account in [Dominic's] name at the Royal Bank of Canada in Vancouver." App. 18. When Dominic Soave failed to transfer these funds to plaintiffs, they brought the instant action.

This Court reviews *de novo* a district court's Rule 12(b)(2) dismissal for lack of personal jurisdiction over the defendant. *Licci*, 732 F.3d at 167. "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Id.* (internal citation and quotation marks omitted). A district court sitting in a diversity action "may exercise personal jurisdiction to the same extent as the courts of general jurisdiction of the state in which it sits." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002) (citing Fed. R. Civ. P. 4(k)(1)(A)). Plaintiffs contend that personal jurisdiction is established under either New York Civil Practice Law and Rule ("CPLR") § 302(a)(1), which provides for jurisdiction over non-domiciliaries that "transact[] any business within the state," or CPLR § 302(a)(3), which provides for jurisdiction over non-domiciliaries who commit torts that "cause[] injury to person or property within the state." The district court correctly held that plaintiffs failed to make a prima facie showing that jurisdiction existed under either of these provisions.

There was no basis for personal jurisdiction under New York CPLR § 302(a)(1) because defendants did not transact any business in New York. Defendants "never projected [themselves] into New York to perform services in the state and never purposefully availed [themselves] of

the privileges and benefits of performing any services in the state." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 789 (2d Cir. 1999); *see also Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007) ("CPLR 302(a)(1) jurisdiction is proper" only if "the defendant's activities here were purposeful," meaning that the "defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."). None of the parties' agreements were made in New York and there is no indication that defendants ever came to New York. The only contact defendants allegedly had with New York is the use of funds flowing between *plaintiffs'* New York bank account and defendants' Canadian bank account and some communications associated with these wire transfers.[2] This "essentially adventitious" use of a New York bank account does not establish personal jurisdiction. *Licci v. Lebanese Canadian Bank SAL*, 20 N.Y.3d 327, 338 (2012). Indeed, this case presents the inverse of the type of business relationship that might establish personal jurisdiction in New York: rather than an out-of-state defendant seeking out business in New York, in-state plaintiffs sought out business outside of New York.

Nor was the exercise of personal jurisdiction proper under New York CPLR § 302(a)(3). Plaintiffs concede that the alleged fraud and conversion took place in Canada and that the only injury suffered in New York was their financial loss. Courts determining whether there is injury in New York sufficient to warrant jurisdiction under this provision generally apply a situs-of-injury test, where the "situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001). Therefore, "[t]he occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a

---

[2] No record evidence supports plaintiffs' contention that the profits of the "joint venture," as opposed to just plaintiffs' share of the proceeds, were distributed in New York.

4

sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." *Id.*; *see also Troma Entm't, Inc. v. Centennial Pictures*, 729 F.3d 215, 218 (2d Cir. 2013) ("[T]he suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York for N.Y. C.P.L.R. § 302(a)(3) purposes.").

We have considered all of plaintiffs' remaining contentions and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is

**AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK