**ARTISTS RIGHTS ENFORCEMENT CORP., Plaintiff,**

v.

**Jerri Thomas JONES, Defendant.**

**17–cv–3189 (VM)**

United States District Court, S.D. New York.

Signed 07/18/2017

Ira George Greenberg, Locke Lorde LLP, New York, NY, for Plaintiff.

David Alexander Munkittrick, Russell Luke Kostelak, Sandra Allison Crawshaw, Proskauer Rose LLP, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge:

Plaintiff Artists Rights Enforcement Corp. ("AREC") brought this action against Jerri Thomas Jones ("Jones") seeking a declaratory judgment that Jones cannot terminate a contract ("Contract," Dkt. No. 16, Ex. 1) between AREC and Jones's deceased aunt. (See "Complaint," Dkt. No. 1, Ex. C.)

By letter dated May 5, 2017, Jones seeks leave to move to dismiss the Complaint. (See "Motion," Dkt. No. 7.) AREC responded by letter dated May 23, 2017 opposing Jones's request (the "May 23 Letter," Dkt. No. 12). The Court now construes Jones's letter as a motion to dismiss AREC's claim. For the reasons discussed below, Jones's Motion is granted.

## I. BACKGROUND [1]

AREC brought this action against Jones seeking a declaratory judgment that Jones cannot terminate the Contract between AREC and Jones's deceased aunt, Joan Marie Johnson ("Johnson"). Johnson was one of the three members of the recording group The Dixie Cups, known for their popular songs "Chapel of Love" and "Iko Iko". In 1984, Johnson entered into the Contract with AREC. The Contract provided that AREC would "investigat[e] into and collect[ ] . . . any and all royalties which are, or may be due" to Johnson in connection with her work with The Dixie Cups. (Contract at 1.) In return for AREC's services, AREC would receive 50 percent of "all sums which may come into [AREC's] hands or which may be realized as a proximate result of [AREC's] activities on [Johnson's] behalf." (Id.) Johnson died on or about October 3, 2016 in Louisiana and bequeathed the royalties stemming from her work as a member of The Dixie Cups to Jones. Subsequently, Jones purportedly terminated the Contract and some entities have since ceased paying AREC.

On April 11, 2017, AREC filed the Complaint in New York Supreme Court, New York County (the "State Court"). In the Complaint, AREC asserted claims against Jones and Broadcast Music, Inc. ("BMI"),

---

1. The factual background below, except as otherwise noted, derives from the Complaint and the facts pleaded therein, which the Court accepts as true for the purposes of ruling on a motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir. 2008) (citing GICC Capital Corp. v. Tech. Fin. Grp., Inc., 67 F.3d 463, 465 (2d Cir. 1995)); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Except where specifically quoted, no further citation will be made to the Complaint or the documents referred to therein.

a New York corporation. Shortly thereafter, AREC discontinued its claims against BMI, which created complete diversity of citizenship between the parties, and on May 1, 2017, Jones removed the action to this Court. (See "Stipulation of Discontinuance without Prejudice," Dkt. No. 1, Ex. D; "Notice of Removal," Dkt. No. 1.)

On May 31, 2017, AREC moved to remand this action to State Court on the grounds that the Notice of Removal was untimely. (See "Remand Motion," Dkt. No. 9.) The Court later denied AREC's Remand Motion. (See Artists Rights Enforcement Corp. v. Jones, 257 F.Supp.3d 592, 595–96, No. 17-CV-3189, 2017 WL 2820024, at *3 (S.D.N.Y. June 16, 2017)).

By letter dated May 5, 2017, Jones advised the Court of her contemplated motion to dismiss. (Motion.) Jones argues that the Court lacks personal jurisdiction over her and, alternatively, that AREC has failed to state a claim upon which relief can be granted. Specifically, Jones argues that since she has never purposely transacted business within the state of New York, and has been in New York only once five years ago on a two-day vacation, this Court lacks personal jurisdiction over her. (See Motion at 1–2.) Jones further argues that, because the Contract establishes an agency relationship and is for personal services, the Contract was terminated at Johnson's death. (See id. at 2–3.) Jones contends that even if she, as a third party, was bound by the Contract, the Contract is terminable at will because there is no duration clause. (See id.)

By letter dated May 23, 2017, AREC opposes Jones's motion to dismiss. (See May 23 Letter.) AREC contends that Johnson had contracted with BMI, a performing rights society that collects and distributes public performance royalties to the composer, and EMI, a music publishing company that collects and distributes royalties from other uses of those compositions, and that BMI and EMI act as Jones's agents and transact business in New York, thereby conferring personal jurisdiction over Jones. (See id. at 2.) AREC also contends that Johnson and AREC were of one mind that AREC should receive its contractual share of the royalties on an ongoing basis. (See id. at 2–3.) AREC further argues that Jones can terminate the contract only insofar as it is executory, but cannot terminate it to the extent that AREC has already performed and earned the right to its fee on an ongoing basis. (See id.)

By letter dated June 20, 2017, Jones responded to AREC's May 23 Letter. ("Reply," Dkt. No. 17.) Jones argues that because Johnson, and not Jones, contracted with EMI and BMI, AREC cannot claim that EMI and BMI acted as Jones's agents. Jones further argues that she is not subject to this Court's jurisdiction based on Johnson's actions in the jurisdiction because she is not "one and the same" as Johnson. (Reply at 2.) Jones reasserts her argument in the Motion that she was not a party to the Contract, and argues that the cases AREC cites are inapplicable because none of them involves an attempt to enforce a contract against a non-party. (See id.)

## II. DISCUSSION

"In considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a district court must construe the facts from the pleadings and affidavits in the light most favorable to the plaintiff and, where doubts exist, they are resolved in plaintiff's favor." JFP Touring, LLC v. Polk Theatre, Inc., 07–CV–3341, 2007 WL 2040585, at *6 (S.D.N.Y. July 9, 2007).

A "[d]istrict court[ ] deciding a motion to dismiss for lack of personal juris-

diction must engage in a two-part analysis." Elsevier, Inc. v. Grossman, 77 F.Supp.3d 331, 341 (S.D.N.Y. 2015). "First, it must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." Metro. Life Ins. Co. v. Robertson–Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).

■ Under New York's long-arm statute, the Court has personal jurisdiction over a non-domiciliary "who in person or through an agent ... transacts any business within the state or contracts anywhere to supply goods or services in the state ...." C.P.L.R. Section 302(a)(1). "To establish personal jurisdiction under Section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006). "Because CPLR 302 does not reach as far as the constitution permits, if a defendant is amenable to long-arm jurisdiction in New York, the constitutional standard is satisfied." Vasquez v. Negron, 434 F.Supp.2d 199, 201 (S.D.N.Y. 2006).

■ Under C.P.L.R. Section 302(a)(1), personal jurisdiction over a non-resident defendant exists when the defendant has a licensing agreement with a clearinghouse. See, e.g., Vasquez, 434 F.Supp.2d at 201;

Linzer v. EMI Blackwood Music, Inc., 904 F.Supp. 207, 214–15 (S.D.N.Y. 1995); Firma Melodiya v. ZYX Music GmbH, No. 95 Civ. 6798, 1995 WL 28493, at *2–3 (S.D.N.Y. Jan. 25, 1995). However, the Court cannot assert personal jurisdiction over the defendant if the claim is largely tangential to the licensing agreement with the clearinghouse. See Fort Knox Music, Inc. v. Baptiste, 139 F.Supp.2d 505, 510–11 (S.D.N.Y. 2001).

■ AREC contends that there is personal jurisdiction over Jones because of Johnson's contractual relationship with BMI and EMI, two corporations located in New York. The relationship between Johnson and BMI or EMI, however, is largely tangential to AREC's claim for declaratory judgment as against Jones. Fort Knox Music is instructive in this case. See id. There, the defendant similarly had a contract with BMI. The Court nonetheless found that the "defendant's relationship with BMI is largely tangential to this declaratory judgment action because the action would exist regardless of whether BMI served as the licensing clearinghouse ... or whether BMI engaged in royalty collection in New York or in any other jurisdiction." Id.

Here, AREC's claim for a declaratory judgment is similarly tangential to Johnson's relationship with BMI and EMI. AREC's claim for declaratory judgment seeks to enforce the Contract between Johnson and AREC against Jones. AREC's action against Jones would exist even if Jones had no relationship with EMI or BMI.[2] Johnson's contracts with

---

**2.** The primary difference between the case at hand and Fort Knox Music, Inc. is that the defendant in that case was a signatory to the contract with BMI and had also sent "cease and desist" letters to the plaintiffs in New York. See 139 F.Supp.2d at 510. In that instance, the Court still did not find that it had personal jurisdiction over the defendant. See

id. Here, the defendant is neither a signatory to the contract that AREC argues gives this Court jurisdiction, nor did the defendant take any other steps to transact business within the state. (See Motion at 1–2.) Therefore, the Court need not reach AREC's argument that Jones is Johnson's successor-in-interest be-

BMI and EMI are therefore insufficient to support exercise of personal jurisdiction over Jones in connection with AREC's claim.

The cases AREC cites in support of its argument do not compel a different result. In its May 23 Letter, AREC relies on Linzer and other cases that similarly hold that a contractual relationship with a clearinghouse is enough to establish personal jurisdiction. (May 23 Letter at 2). In those cases, however, the Court had personal jurisdiction over the defendants through their respective licensing agreements with New York-based clearinghouses because the cases concerned copyright claims regarding the songs being licensed through the New York-based clearinghouse. Here, AREC is not seeking relief based on a copyright claim. Instead, AREC is seeking a declaration of its rights with respect to the Contract. Because AREC's claim does not "arise from" any actions taken by EMI or BMI on behalf of Jones in New York, the Court is persuaded that it lacks personal jurisdiction over Jones. See Sole Resort, 450 F.3d at 103.

Because the Court does not have personal jurisdiction over Jones, "the Court 'lacks the power to dismiss the complaint for failure to state a claim'[.]" Phoenix-Dolezal v. Lili Ni, No. 11 Civ. 3722, 2012 WL 121105, at *7 (2d Cir. Jan. 17, 2012) (alteration omitted) (quoting Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963)). Therefore, the Court declines to reach the issue of whether AREC failed to state a claim.

## III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the Motion (Dkt. No. 7) by defendant Jerri Thomas Jones ("Jones") to dismiss the claim by Artists Rights Enforcement Corp. ("AREC") is **GRANTED**.

**SO ORDERED.**

cause that would still not be enough to establish personal jurisdiction over Jones.