23-7840-cv
Kreit v. Byblos Bank S.A.L.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty-five.

PRESENT:  ROBERT D. SACK,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------

DOCTOR NADER KREIT,

*Plaintiff-Appellant*,

v.                                                   No. 23-7840-cv

BYBLOS BANK S.A.L.,

*Defendant-Appellee*.

-----------------------------------------------------------------

FOR APPELLANT:    SCOTT M. CLEARMAN, The Clearman Law Firm PLLC, Houston, TX (Barry E. Janay, The Law Office of Barry E. Janay, P.C., New York, NY, *on the brief*)

FOR APPELLEE:    SAMANTHA L. CHAIFETZ, DLA Piper LLP, Washington, DC (Neal F. Kronley, Caleb B. Roche, DLA Piper LLP, New York, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Nader Kreit appeals from an October 23, 2023 judgment of the United States District Court for the Southern District of New York (Liman, *J.*) dismissing his claims under New York law against Byblos Bank S.A.L., a Lebanese bank. Kreit sued the bank after restrictions on international transfers of funds effectuated in response to the financial crisis in Lebanon beginning in 2019 prevented him from recovering funds deposited with the bank. The District Court dismissed Kreit's claims for lack of personal jurisdiction and denied his request for jurisdictional discovery after determining that Byblos Bank's

2

activities in New York were not sufficiently connected to the transactions at issue in this case to satisfy New York's long-arm statute. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the District Court's dismissal of the complaint for lack of personal jurisdiction "for clear error on factual holdings and *de novo* on legal conclusions." *Fat Brands Inc. v. Ramjeet*, 75 F.4th 118, 125 (2d Cir. 2023) (quotation marks omitted). In order to defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff "must make a prima facie showing that jurisdiction exists." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020) (quotation marks omitted).

Kreit argues that the District Court erred in denying his request for jurisdictional discovery and "prematurely" dismissing his complaint because he made a "sufficient start" to meeting his burden of establishing the court's jurisdiction over the Bank. Appellant's Br. 5. The District Court had personal jurisdiction, he asserts, because his "money flowed both in and out of" correspondent accounts that Byblos Bank held in New York and the Bank relied on these funds to "facilitate daily banking activities." Appellant's Br. 7.

As the District Court observed, however, we have rejected a materially identical theory of jurisdiction under New York's long-arm statute in *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120 (2d Cir. 2022).  There we explained that "[a] claim may arise from the use of a correspondent bank account for purposes of [New York's long-arm statute] where an alleged actual transaction made through such an account formed part of the alleged unlawful course of conduct underlying the cause of action set out in the complaint."  *Id.* at 130.  We emphasized, however, that the court lacked personal jurisdiction where a plaintiff "d[id] not include a single allegation that [the defendant bank] used an actual, specific transaction through a New York correspondent account *in the course of bringing about the injuries on which the claims are predicated*," notwithstanding any other use of that correspondent account.  *Id.* at 132 (emphasis added).

On appeal, Kreit attempts to distinguish his case from *Daou* by citing an expert declaration for the proposition that Byblos Bank used his funds "to continue its operations in New York which have been directly harmful to Dr. Kreit."  Appellant's Br. 11; *see also* App'x 183–88.[1]  But this misses the point.  The

---

[1] Although this expert declaration was attached to Kreit's brief in opposition to the Bank's motion to dismiss, rather than to his complaint, it was nevertheless available for review in support of his jurisdictional arguments because a plaintiff may demonstrate

jurisdictional problem in *Daou* was not that there was insufficient evidence that the plaintiffs' funds passed through the defendant banks' correspondent accounts. Rather, it was that *even if* the banks "used [their New York-based correspondent bank] accounts to transfer some of the millions of dollars in the [plaintiffs'] accounts into Lebanon in the first instance," there was no allegation or evidence that the banks engaged in any transaction via a New York correspondent account "in the course of bringing about the injuries on which the claims are predicated." *Daou*, 42 F.4th at 132. Kreit's complaint, even as supplemented by his expert's declaration, does not allege that any transaction with the correspondent account had anything to do with the Bank's decision to withhold Kreit's funds, which is the action on which his claims are predicated.[2]

---

jurisdiction "through his own affidavits and supporting materials containing an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (cleaned up).

[2] Kreit also argues that his expert's declaration demonstrates that his funds "are still in New York." Appellant's Br. 10 (citing App'x 183–88). But the declaration does not say that. Instead, it says that "Dr. Kreit's funds would have likely been paid into [Byblos Bank] in the United States out of his Wells Fargo Texas Branch to the New York [correspondent] account owned by Byblos Bank *onward to his specific account*," which was in Lebanon. App'x 185 (emphasis added). And it notes that "[w]hen money was sent to Byblos Bank, an accounting entry . . . [would have been] generated which credited the Byblos Bank account *for further payment into the client's account at the Byblos Bank branch specified*" — which, again, was in Lebanon. App'x 186. So the expert report

5

Because Kreit has failed to establish a prima facie case that the District Court had personal jurisdiction over Byblos Bank, we see no abuse of discretion in the District Court's decision to exercise its "wide latitude" to deny jurisdictional discovery. *See Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Rep.*, 582 F.3d 393, 401 (2d Cir. 2009) (quotation marks omitted); *Daou*, 42 F.4th at 133 n.6. We therefore conclude that the District Court did not err in denying jurisdictional discovery and dismissing Kreit's claims.

We have considered Kreit's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

does *not* support Kreit's contention that his funds remain "in New York"; instead, it confirms that his quarrel is with the Bank in Lebanon.